# Vinson&Elkins

Christopher Duffy  cduffy@velaw.com
**Tel** +1.212.237.0172  **Fax** +1.917.849.5377

January 31, 2023

**VIA ECF**

The Honorable J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

>  Re:  *Global Net Lease, Inc. v. Blackwells Capital LLC, et al.*, No. 22-cv-10702 and
> *The Necessity Retail REIT, Inc. v. Blackwells Capital LLC, et al.*, No. 22-cv-10703
> Letter Response in Opposition to Plaintiffs' Motion to Stay Discovery

Your Honor:

We write on behalf of Defendants/Counterclaim-Plaintiffs Blackwells Capital LLC, Blackwells Onshore I LLC ("Blackwells Onshore"), and Jason Aintabi (the "Blackwells Parties") in the above-captioned matters, in response and opposition to the letter-motions to stay discovery filed by Plaintiffs Global Net Lease, Inc. ("GNL") and The Necessity Retail REIT, Inc. ("RTL"). Plaintiffs needlessly created a duplicative proceeding in this Court after the Blackwells Parties already brought suit in Maryland, and they now seek the full tactical benefit: expedited discovery from the Blackwells Parties on Plaintiffs' claim, while stalling discovery on the Blackwells Parties' counterclaims—even while expressly acknowledging that "similar discovery will inevitably take place in the Maryland state court action." Plaintiffs' Letter Mot. to Stay Discovery ("Letter Mot.") at 5. Given Plaintiffs' impending annual shareholders meeting, even a short stay of discovery would operate to the manifest prejudice of the Blackwells Parties, while doing nothing to alleviate the burden on Plaintiffs. Given the admitted inevitability of discovery ultimately taking place on the Blackwells Parties' claims against Plaintiffs, there is no reason for a stay. Plaintiffs' motion should be denied and discovery regarding the counterclaims should continue on the expedited schedule previously ordered by this Court.

**I.  Plaintiffs Fail to Make Any Showing that the Blackwells Parties' Counterclaims Are Unmeritorious.**

In order to make a strong showing that an opposing party's claim is unmeritorious, a motion for a stay must be supported by "substantial arguments for dismissal." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (quotation omitted). The "not unfounded" standard put forward by Plaintiffs has been rejected as "overly lenient" to parties seeking a stay. *Id.*; *see*

**Vinson & Elkins LLP  Attorneys at Law**                                     The Grace Building, 1114 Avenue of the Americas, 32nd Floor
Austin  Dallas  Dubai  Houston  London  Los Angeles                          New York, NY 10036-7708
New York  Richmond  San Francisco  Tokyo  Washington                         **Tel** +1.212.237.0000  **Fax** +1.212.237.0100  velaw.com



*also Lawson v. Rubin*, No. 17-cv-6404, 2018 WL 11402165, at *1 (E.D.N.Y. Jan. 25, 2018) (concluding that the "strong showing" standard "is higher than the 'not without foundation in the law' standard which was at one point applied by some courts in this district.") (quoting *Hong Leong Fin. Ltd.*, 297 F.R.D. at 72). Contrary to Plaintiffs' assertion that the relevant legal standard is merely "nominally styled as requiring a 'strong showing,'" *see* Letter Mot. at 2, courts in this district require a plaintiff to present "substantial arguments for dismissal." *K.A. v. City of New York*, No. 16-cv-04936, 2022 WL 3996710, at *2 (S.D.N.Y. Sept. 1, 2022) (quotation omitted).

The Blackwells Parties have submitted full written submissions on the lack of merit in Plaintiffs' motion to dismiss their counterclaims, as set forth in their letter dated January 27, 2023. *See* ECF No. 38. In addition to assessing whether the moving party has presented substantial arguments for dismissal, courts must consider "the particular circumstances and posture of each case." *Ellington Credit Fund, Ltd. v. Select Porfolio Servs., Inc.*, No. 08-cv-2437, 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) ("Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, the type of motion, and the posture or stage of the litigation."). "The pendency of a dispositive motion is not, in itself, an automatic ground for a stay." *Mirra v. Jordan*, No. 12-cv-4100, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (quotation omitted).

Here, the posture of this dispute and the nature of the pending motion to dismiss undercut Plaintiffs' argument for a stay. Rather than challenging the Blackwells Parties' counterclaims on their merits, Plaintiffs' motion to dismiss is akin to a motion to transfer venue: Plaintiffs concede that discovery on the Blackwells Parties' counterclaims will "inevitably" take place in the Maryland state court action, in the event the Court dismisses the Blackwells Parties' counterclaims. Letter Mot. at 5. Courts routinely "refused to stay discovery when the pending motion does not dispose of all the claims, but rather seeks to transfer the action." *Morales v. Next Stop 2006, Inc.*, No. 1:22-cv-03311, 2022 WL 15523370, at *1 (S.D.N.Y. Oct. 27, 2022); *Gen. Elec. Int'l, Inc., v. Thorco Shipping Am., Inc.*, No. 21-cv-6154, 2022 WL 1748410, at *3 (S.D.N.Y. May 31, 2022) (denying motion to stay because "in the event the Court dismisses Plaintiffs' claims against Thorco Projects, Plaintiffs will need to pursue the same claims against Thorco Projects in the London Arbitration."); *Technograph, Inc. v. Texas Instruments Inc.*, 43 F.R.D. 416, 417 (S.D.N.Y. 1967) (declining to grant a stay of discovery because defendant's motion "is concerned solely with the question of which court will determine the merits"); *Dickerson v. Novartis Corp.*, No. 1:15-cv-1980, 2016 WL 9560056, at *4 (S.D.N.Y. Apr. 11, 2016) (declining to grant a stay of discovery because "discovery is already underway, and it is not clear to the Court that judicial economy would be promoted, rather than hindered, by staying discovery that will be necessary irrespective of whether the motion to transfer is granted."). By the logic of these cases, Plaintiffs' motion for a partial discovery stay can be easily rejected.

Case 1:22-cv-10702-JPO   Document 41   Filed 01/31/23   Page 3 of 5



The Honorable J. Paul Oetken  January 31, 2023   Page 3

**II.     The Blackwells Parties' Discovery Requests Do Not Impose a Substantial Burden.**

Plaintiffs place great weight on the number of the Blackwells Parties' discovery requests that are related specifically to the counterclaims, but they themselves acknowledge that "similar discovery will inevitably take place in the Maryland state court action," Letter Mot. at 5.  Such inevitable discovery distinguishes this case from those cited by Plaintiffs, in which courts found a substantial burden that justified staying litigation until resolution of a motion to dismiss.  Of these cases, *Hertz*, *Negrete*, *Alapaha*, *Cota*, *Hong Leong Finance Ltd.*, and *Boelter* all involved defendants moving to dismiss complaints on a basis that would conclusively end the litigation.   Only one case cited by plaintiffs, *Ema Fin., LLC*, involved discovery related to counterclaims, but in that matter, the counterclaims would not have proceeded in another venue if dismissed.  *See Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75 (S.D.N.Y. 2020).  None of these cases explain how Plaintiffs will suffer any undue burden if denied a stay, given that Plaintiffs will need to engage in discovery in Maryland if not before this Court.  In fact, where "some discovery is inevitable, 'there is no prejudice to [the moving party] in proceeding with discovery.'" *Morales*, 2022 WL 15523370, at *1 (quoting *Kaplan v. Lebanese Canadian Bank, SAL*, No. 08-cv-7253, 2022 WL 2541081, at *1 (S.D.N.Y. July 7, 2022)); *see also Hachette Distribution, Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 359 (E.D.N.Y. 1991) (denying a stay of discovery that was "inevitable" even if a motion to dismiss were granted because such a stay would "effectively impede the just and speedy administration of the progress of this lawsuit.").  In short, Plaintiffs have failed to identify a case that bears any real resemblance to the instant litigation.

Likewise, any discovery efforts in this court will not be "mooted should Plaintiffs' prevail on their motion to dismiss."  Letter Mot. at 4.  To the contrary, any time spent producing such discovery here would not "waste the parties' resources," *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-cv-7572, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021), but would instead benefit both Parties by advancing the speedy resolution of the disputes—whether the counterclaims are litigated in this Court, or in Maryland, or somewhere else.  *See Technograph*, 43 F.R.D. at 417–18.

Nor is there any merit to Plaintiffs' contention that discovery in the Maryland proceeding is somehow different and "should be heard by a Maryland judge under the Maryland rules."  Letter Mot. at 5. To the contrary, Maryland state appellate courts have recognized that discovery obligations under the Federal Rules and Maryland rules are substantially similar.  *See Gonzales v. Boas*, 874 A.2d 491, 500 n. 11 (Md. Ct. Spec. App. 2005) ("As the Maryland discovery rules are closely patterned after the Federal discovery rules, it is appropriate to look to those rules for guidance in interpreting the Maryland rules."); *Shenk v. Berger*, 587 A.2d 551, 553 (Md. Ct. Spec. App. 1991) (examining the "current Maryland discovery rules, which are closely patterned after the Federal Rules of Civil Procedure"); 3 Maryland Civil Procedure Forms § 39:2 (2d ed.) ("the federal discovery rules are very similar to Maryland's").



Due to the urgency and uncertainty caused by Plaintiffs' looming annual meetings, even if Plaintiffs' letter motion to dismiss were granted, the exigencies of this case would still require Plaintiffs to perform discovery on the Blackwells Parties' state law claims on an expedited schedule. At the telephonic conference in these actions held on January 10, 2023, the Court heard argument on, among other topics, the question of whether discovery should move forward on the Blackwells Parties' counterclaims, in parallel with Plaintiffs' claims. The Court decided "to go forward with [certain] dates as the dates for discovery on the panoply of the claims and the anticipated counterclaims." Jan 10 Tr. at 34:25–35:2. The Court observed that "there's no mystery as to what the counterclaims are going to look like because they've already been filed in Maryland, give or take. So it seems to me you should go forward." *Id.* at 35:3–6. The Court recognized that "you are going to be doing presumably email searches, you're going to be doing depositions, you might as well cover the waterfront in this expedited time, given that you have an annual meeting coming up. And both these sets of issues seem to be necessary to be resolved, at least as to certain factual disputes and, I guess, some legal disputes perhaps before an annual meeting." *Id.* at 35:12–18. Indeed, Plaintiffs acknowledged that the claims and counterclaims are intertwined, to the extent that "there's no proxy contest to be waged" if the Blackwells Parties' state law claims were resolved in Plaintiffs' favor. *Id.* at 33:19. In short, since all discovery should be completed on all claims and counterclaims in a way that allows for them to be decided before the Plaintiffs' annual shareholder meetings, there is no defensible reason to slow down discovery in the manner that Plaintiffs seek to do.

**III.     The Blackwells Parties Will Be Prejudiced By a Stay.**

The Southern District of New York follows "the standard requiring the movant to establish good cause for granting a stay, which includes a showing that no prejudice will attend the party opposing the motion." *Mirra*, 2016 WL 889559, at *2. Plaintiffs have failed to show that the Blackwells Parties will not be prejudiced by a stay. Instead, Plaintiffs baselessly assert that Defendants' "conduct to date has reflected no urgency whatsoever." Letter Mot. at 5. This is plainly wrong. **The Blackwells Parties sued first**, prior to the Plaintiffs filing their duplicative lawsuits in this Court, and have sought an efficient resolution of the disputes by advocating that they be heard before a single court with a coordinated discovery schedule. *See* Jan 10 Tr. at 34:3–24 (advocating for counterclaim-related discovery to proceed on the same expedited schedule as Plaintiffs' claims). By contrast, Plaintiffs' letter motion for a stay is only the latest dilatory tactic they have used as part of a strategy of frustrating the Blackwells Parties' ability to exercise their shareholder voting rights before the annual shareholder meeting. Plaintiffs want to use their improper bifurcation of this dispute to proceed faster on their own claims than the Blackwells Parties'.

A stay of discovery would prejudice the Blackwells Parties because it would worsen the already severe time constraints faced by the Blackwells Parties to vindicate their rights as shareholders. In their letter motion for a stay, Plaintiffs neglect to mention how little time remains to obtain the necessary



resolution of all issues before Plaintiffs' annual shareholders meeting. Counsel for Plaintiffs has said it's "fair to assume that the meeting will take place at some point in May," Jan 10 Tr. at 5:9–10, but has offered no guarantee that the meeting will not take place earlier in the year. If the stay were granted, the Blackwells Parties will be forced either to waste resources initiating a discovery process in Maryland that would be rendered redundant if Plaintiffs' letter motion to dismiss were denied, or to navigate a further condensed timeline in which to gather and utilize discovery related to their state law claims. "'[D]elaying discovery to await decision on a motion that will not fully dispose of the entire case'" would only prejudice the counterclaimants. *Morales*, 2022 WL 15523370, at *1 (quoting *Cruz v. Celestino*, No. 19-cv-6093, 2020 WL 13094346, at *2 (E.D.N.Y. Apr. 23, 2020)). Particularly in light of Your Honor's order for the parties to produce documents by February 17, 2023, even a "short" delay in the production of documents would greatly prejudice the Blackwells Parties, and would impede the just and speedy resolution of this lawsuit.

Respectfully submitted,

*/s/Christopher E. Duffy*

Christopher E. Duffy