UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GLOBAL NET LEASE, INC.,
        Plaintiff,

    -v-

BLACKWELLS CAPITAL LLC, *et al*.
        Defendants.

22-CV-10702 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On January 27, 2023, Plaintiff filed a motion to stay all discovery requested by Defendants Blackwells Capital LLC, Blackwells Onshore I LLC, and Jason Aintabi (the "Blackwells Parties") (ECF No. 38) until the Court rules on Plaintiff's pending motion to dismiss the counterclaims filed by those parties (ECF No. 34). The Blackwells Parties oppose Plaintiff's request for a stay. (ECF No. 41.)

"A district court has discretion to stay discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon a showing of good cause." *Mirra v. Jordan*, No. 15-cv-4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (citing *Hong Leong Finance Limited v. Pinnacle Performance Limited*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)). Courts typically consider "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (quotation omitted). "The party seeking a stay of discovery bears the burden of showing good cause." *Mirra*, 2016 WL 889559, at *2.

The Court concludes that Plaintiff has not shown good cause to justify a stay of discovery. First, the Blackwells Parties' requests for production are not so unduly broad as to

justify a stay. Second, Plaintiff does not face an especially high burden in responding to these discovery requests. While Plaintiff asserts that "the Blackwells Parties may serve similar discovery requests in Maryland" and "any disputes about Maryland-related discovery should be heard by a Maryland judge under the Maryland rules," the fact that discovery is inevitable on the counterclaims weighs *against* granting a stay. *See Morales v. Next Stop 2006, Inc.*, No. 1:22-CV-03311 (JLR), 2022 WL 15523370, at *1 (S.D.N.Y. Oct. 27, 2022) (cleaned up) (denying stay of discovery where motion to transfer venue was pending because the plaintiffs' action would proceed regardless, whether transferred or not). Here, the counterclaims will proceed either in this Court or in Maryland court. While Plaintiff argues that the current expedited discovery schedule poses a substantial burden in responding to the Blackwells Parties' requests for production, this argument highlights the inequity that would result from granting Plaintiff's motion: Permitting expedited discovery on its securities law claims while denying expedited discovery on Defendants' state-law counterclaims poses a risk of prejudicing the Blackwells Parties, especially because all parties assert that their claims are equally urgent in light of Plaintiff's impending annual shareholders meeting and the shareholder communications that will precede it.

While the Court has not yet reached a conclusion as to the strength of Plaintiff's pending motion to dismiss the counterclaims, the other factors weigh against a stay of discovery at this time.

Plaintiff's motion for a stay of discovery pending resolution of its motion to dismiss Defendants' counterclaims is therefore denied.

The Clerk of Court is directed to close the motion at ECF No. 38.

justify a stay. Second, Plaintiff does not face an especially high burden in responding to these discovery requests. While Plaintiff asserts that "the Blackwells Parties may serve similar discovery requests in Maryland" and "any disputes about Maryland-related discovery should be heard by a Maryland judge under the Maryland rules," the fact that discovery is inevitable on the counterclaims weighs *against* granting a stay. *See Morales v. Next Stop 2006, Inc.*, No. 1:22-CV-03311 (JLR), 2022 WL 15523370, at *1 (S.D.N.Y. Oct. 27, 2022) (cleaned up) (denying stay of discovery where motion to transfer venue was pending because the plaintiffs' action would proceed regardless, whether transferred or not). Here, the counterclaims will proceed either in this Court or in Maryland court. While Plaintiff argues that the current expedited discovery schedule poses a substantial burden in responding to the Blackwells Parties' requests for production, this argument highlights the inequity that would result from granting Plaintiff's motion: Permitting expedited discovery on its securities law claims while denying expedited discovery on Defendants' state-law counterclaims poses a risk of prejudicing the Blackwells Parties, especially because all parties assert that their claims are equally urgent in light of Plaintiff's impending annual shareholders meeting and the shareholder communications that will precede it.

While the Court has not yet reached a conclusion as to the strength of Plaintiff's pending motion to dismiss the counterclaims, the other factors weigh against a stay of discovery at this time.

Plaintiff's motion for a stay of discovery pending resolution of its motion to dismiss Defendants' counterclaims is therefore denied.

The Clerk of Court is directed to close the motion at ECF No. 38.

SO ORDERED.

Dated: February 6, 2023
       New York, New York

                                                    _____
                                                        J. PAUL OETKEN
                                                 United States District Judge