UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL NET LEASE, INC.,<br><br>          Plaintiff,<br><br>     vs.<br><br>BLACKWELLS CAPITAL LLC,<br>BLACKWELLS ONSHORE I LLC,<br>JASON AINTABI, RELATED FUND<br>MANAGEMENT LLC, JIM LOZIER, and<br>RICHARD O'TOOLE,<br><br>          Defendants. | Case No. 1:22-cv-10702 |

**STIPULATED PROTECTIVE ORDER GOVERNING THE
PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

WHEREAS, the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive commercial, financial, and business information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties hereto, along with their representatives, agents, experts, and consultants, shall be entitled to the benefits of and adhere to the following terms regarding documents, data, deposition testimony, and other information and tangible items that are produced, made available for inspection, disclosed, or filed in this action:

1.  All documents and information produced in this action by any Party or non-Party herein shall be used solely for purposes of the above-captioned action (*i.e.*, to assert in Court or defend in Court against claims based upon the subject matter of this action), and, if the Blackwells

Parties counterclaims in this action are dismissed, in the action filed by Blackwells Onshore against the Companies in Maryland state court, *Blackwells Onshore I LLC v. Global Net Lease, Inc. and The Necessity Retail REIT, Inc.*, No. 24C22005195 (Md. Cir. Ct.) and not for any business, commercial, competitive, personal, publicity, or other purpose; provided, however, that the foregoing shall not apply to discovery material that is or becomes part of the public record. Any person subject to this Protective Order who receives from any other person or entity any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action, including, but not limited to, documents and testimony) that is designated as "Confidential" shall not disclose such Confidential Material to anyone else except as expressly permitted hereunder.

2. Any person or entity producing or disclosing previously non-disclosed Discovery Material ("Producing Party") in connection with this action may designate such material (in whole or in part) as "Confidential" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information").

3. "Previously non-disclosed," in the context of this Protective Order, means Discovery Material that has not been disclosed by the Producing Party (other than to a person or entity under an obligation or duty to treat the information or material confidentially) at any time prior to the production of that Discovery Material in connection with this civil action; no document, record, or information that is, or previously has been, publicly available (including through publication on the Internet) shall be deemed "previously non-disclosed."

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion

as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

5. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as "Confidential" either by: (a) a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (b) written notice, sent to all Parties within ten (10) business days of the deposition or other pretrial testimony in which case the reporter and all counsel receiving notice of the designation shall be responsible for marking the copies of the transcript in their possession or under their control as directed by the designating party. During the ten day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated "Confidential."

6. Material designated "Confidential" shall not be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to any person or entity other than the following:

    a. Personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein; provided such persons have signed the declaration in the form annexed hereto attesting to the fact that they have read this Protective Order and agree to be bound by its terms;

    b. Counsel for the Parties retained specifically for this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

        c.      Expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided such persons have signed the declaration in the form annexed hereto attesting to the fact that they have read this Protective Order and agree to be bound by its terms;

        d.      Outside vendors providing services necessary to the prosecution or defense of the action, including but not limited to investigators, provided such persons have signed the declaration in the form annexed hereto attesting to the fact that they have read this Protective Order and agree to be bound by its terms;

        e.      The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this action or any appeal therefrom;

        f.      Any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such persons have signed the declaration in the form annexed hereto attesting to the fact that they have read this Protective Order and agree to be bound by its terms;

        g.      The author or recipient of the information; or

        h.      A witness in the course of a deposition or in preparation for a deposition, provided that the witness has signed the declaration in the form annexed hereto attesting to the fact that he or she has read the Protective Order and agrees to be bound by its terms, and/or confirmed their understanding and agreement to abide by the terms of this Protective Order by making such a statement on the record.

        7.      Notwithstanding Paragraph 6(c) above, material designated as "Confidential" may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this action, provided that

such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any Party or any competitor or potential transaction counterparty of any party, as far as the expert or consultant can reasonably determine, and (ii) is using said Confidential Information solely in connection with this action.

8. Where disclosure of material designated as "Confidential" to experts, consultants, vendors, or witnesses is permitted herein (provided such persons have signed the declaration in the form annexed hereto), it shall be the obligation of the Party making such disclosure to obtain the required declaration in advance of the disclosure and to retain an executed copy thereof.

9. Any party issuing a subpoena to a non-party shall enclose a copy of this Protective Order and notify the non-party that the protections of this Protective Order are available to such non-party. Confidential Information produced by third parties voluntarily or in response to discovery requests may be governed by the terms of this Protective Order provided the third party expressly invokes the protections herein and labels or designates information accordingly.

10. Counsel shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any privileged material or Confidential Information. Persons having access hereunder to Confidential Information shall use it only for purposes directly related to this action, including appeals, and not for any other litigation or proceeding or for any business, commercial, competitive, personal, publicity or other purpose. Any party or person receiving and processing Confidential Information must implement measures that ensure an adequate level of protection of Confidential Information, prevent unauthorized access to Confidential Information, and comply with all applicable federal and state laws governing data privacy. For purposes of this paragraph, "processing" means collection, storage, use, revision, disclosure, archiving, and destruction of data.

11. In filing Confidential Information with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Information ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. Confidential Court Submissions, and any Confidential Information contained or referenced therein, shall only be released from confidential treatment by the Clerk of Court only upon further order of this Court or stipulation of the designating party.

12. In the event that any Party disagrees with the designation of any document or materials as "Confidential," the objecting Party or its counsel shall advise the designating party or its counsel in writing of the objection and identify the document or material with sufficient specificity to permit the other to identify it. Within five (5) business days of receiving this written objection, the designating party shall advise whether the "Confidential" designation will be removed. If the appropriate designation cannot be resolved, then the receiving party may present the dispute to the court and move to de-designate the document or materials. During the pendency of any such dispute, the designated document or material shall continue to be treated as Confidential Information, subject to the provisions of this Protective Order.

13. If any third party (including a governmental agency) subpoenas, requests, or moves to compel disclosure by a receiving party (including any person to whom a receiving party discloses Confidential Information) of any Confidential Information, or if any receiving party is otherwise requested or required (by oral questions, interrogatories, request for information or documents, civil investigative demand or similar process) to disclose any Confidential

Information, such receiving party shall (a) if practicable give notice to counsel for the Producing Party via electronic mail not more than three (3) business days after the receiving party receives such subpoena or other discovery request, and which notice shall include or attach a complete copy of the subpoena or other discovery request or (b), to the extent this is not practicable, shall give notice to counsel for the Producing Party as soon as practicable pursuant to the terms hereof; provided, however, that there shall be no obligation to provide notice of such subpoena or other discovery request where such notice is prohibited by subpoena, regulation, court order, or operation of law. The Producing Party may seek an appropriate protective order, object to such subpoena, oppose such motion, or take such other action as it deems necessary to protect its interest, at its discretion. No receiving party shall disclose Confidential Information in response to a subpoena or other discovery request before the date required by the terms thereof or by applicable law. If, failing the entry of a protective order, a receiving party is compelled to disclose Confidential Information, that receiving party may, without liability hereunder, disclose such portion of the Confidential Information as it is so compelled to disclose.

14. A Producing Party may designate as "Confidential" or assert privilege over produced documents at any time by notifying the Receiving Party in writing. Upon receiving such notice, the requesting party shall (a) immediately treat the document as if it had been so designated; (b) place the appropriate designation on the document within two (2) business days of receipt of such notice; and (c) with respect to allegedly privileged documents, return all copies thereof unless there is a good faith basis upon which to challenge the invocation of privilege, in which case the receiving party may retain no more than a single copy thereof for the sole purpose of seeking, within a reasonable time and through an in camera review or other means designed to preserve the

privilege pending a ruling, to have the Court determine whether a privilege properly attaches to the document.

15. The inadvertent production of any privileged or Confidential Information shall be without prejudice to any claim that such material is privileged or protected from disclosure, and the Producing Entity shall not be held to have waived any rights by such inadvertent production.

16. Entering into this Protective Order, agreeing to and/or producing or receiving discovery material, or otherwise complying with the terms of this Protective Order, shall not:

 a. Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

 b. Operate as an admission by any Party that any particular discovery material constitutes Confidential Information;

 c. Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly "Confidential Information," or (ii) seek a determination by the Court whether any "Confidential Information" should be subject to the terms of this Protective Order;

 d. Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

 e. Prejudice in any way the rights of any Party to object to the relevance, authenticity, discoverability, use or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

 f. Operate as a waiver of any attorney-client, work product, trade secret, or other privilege;

  g. Prejudice in any way any Party's rights to assert attorney-client privilege or attorney work-product protection over any inadvertently produced materials.

  h. Prejudice any Party's or third party's right to use and review its own documents and its own Protected Material in its sole and complete discretion.

  17. Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action, including the exhaustion of all possible appeals, all persons having received Confidential Information shall either (i) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential Information, and certify to that fact in writing to counsel for the Producing Party. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Information), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and Discovery Material containing Confidential Information) to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law.

  18. The provisions of this Protective Order and the obligation to maintain the confidentiality of the Confidential Information produced hereunder, absent written permission or further order of the Court, shall survive and continue to be binding after the conclusion of this action. This Court shall retain jurisdiction over the Parties to the extent necessary to enforce said obligation.

Dated: February 6, 2023

/s/ Marc L. Greenwald
Marc L. Greenwald
Renita Sharma
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
marcgreenwald@quinnemanuel.com
renitasharma@quinnemanuel.com

*Attorneys for Defendants Related Fund Management, Jim Lozier, and Richard O'Toole*

/s/ Christopher E. Duffy
Christopher E. Duffy
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Telephone: (212) 237-0000
Fax: (212) 237-0100
cduffy@velaw.com

*Attorney for Defendants Blackwells Capital LLC, Blackwells Onshore I LLC, and Jason Aintabi*

/s/ Isaac S. Greaney
Isaac S. Greaney
787 Seventh Avenue
New York, New York 10019
(212) 839-7324
igreaney@sidley.com

*Attorney for Plaintiff Global Net Lease, Inc.*


Dated: February 7, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL NET LEASE, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>BLACKWELLS CAPITAL LLC, BLACKWELLS ONSHORE I LLC, JASON AINTABI, RELATED FUND MANAGEMENT LLC, JIM LOZIER, and RICHARD O'TOOLE,<br><br>    Defendants. | Case No. 1:22-cv-10702 |

**Declaration of Agreement with Protective Order**

The undersigned hereby declares and affirms under penalty of perjury under the laws of the United States of America, on the date set forth below, that he or she has read, understands, and agrees to be bound by each of the terms contained in the Stipulated Protective Order Governing the Exchange of Confidential Information (the "Protective Order") and entered in the United States District Court for the Southern District of New York in the above-captioned action. Specifically, and without limitation, the undersigned agrees not to use or disclose any information made available to him or her other than in strict compliance with the Protective Order, and to submit to the jurisdiction of the Southern District of New York for purposes of enforcing the Protective Order.

Dated: _____

By: _____

Print Name: _____