UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――
GLOBAL NET LEASE, INC. and THE
NECESSITY RETAIL REIT, INC.,
                              Plaintiffs,

              -v-

BLACKWELLS CAPITAL LLC, *et al*.,
                              Defendants.
―――――――――――――――――――――――――――――――

22-CV-10702 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Pending before the Court is Plaintiffs' letter motion to dismiss state-law counterclaims asserted by Blackwells Capital LLC, Blackwells Onshore I LLC, and Jason Aintabi. Plaintiffs' motion is premised on two arguments: (1) that a binding forum selection clause requires that the state-law claims be heard in Maryland court and (2) that this Court lacks supplemental jurisdiction over the counterclaims concerning director qualifications. (ECF No. 34.) Because the forum selection clause indeed requires that the counterclaims be heard in Maryland court, the Court need not reach the issue of supplemental jurisdiction. For the reasons that follow, Plaintiffs' motion is granted.

I.      Background

On December 19, 2022, each Plaintiff filed a complaint pursuant to the Securities Exchange Act of 1934, alleging that Defendants filed misleading proxy materials with the Securities and Exchange Commission in advance of each Plaintiff's 2023 annual stockholder meeting.[1]  (ECF No. 1 at 1.)  According to Plaintiffs, Defendants Blackwells Capital LLC,

―――――――――

[1] Plaintiff The Necessity Retail REIT, Inc. filed its complaint separately, in case number 22-CV-10703. That case was consolidated with this one for all purposes on February 22, 2023. (ECF No. 52.)

1

Blackwells Onshore I LLC, and Jason Aintabi, owner of the aforementioned entities (collectively, "Blackwells"), agreed to a joint venture with Defendants Related Fund Management LLC and Richard L. O'Toole (collectively, "Related") aimed at replacing each Plaintiff's external advisor and the associated advisory agreement. (*Id.* at 14.) Plaintiffs argue that the proxy materials that Defendants disseminated to their stockholders were "wildly and materially omissive" because they did not disclose the purported joint venture, which sought to install Related as each company's new external advisor, or the financial benefit it would bring the Defendants. (*Id.* at 1.)

For their part, the Blackwells Defendants have accused Plaintiffs of wrongdoing: in a lawsuit filed in Maryland state court just prior to this one, Blackwells accuses each Plaintiff of impermissibly blocking it from (1) nominating two individuals to each company's board of directors and (2) putting forth business proposals at each company's 2023 annual stockholders meeting. (ECF No. 34-1.) Blackwells seeks declaratory relief finding that Global Net Lease and The Necessity Retail REIT each breached their bylaws, or else that their bylaws violate Maryland law, and prohibiting further interference in its nomination and voting rights as a stockholder in each company. (*Id.*) Blackwells also seeks an order compelling Global Net Lease and The Necessity Retail REIT to count votes cast in favor of its nominees at each upcoming stockholders meeting; money damages; and attorneys' fees. (*Id.*)

After Plaintiffs filed their federal securities law claims in this Court, the Blackwells Defendants filed counterclaims mirroring the claims asserted in their original Maryland action. (ECF No. 33.) Plaintiffs moved to dismiss the counterclaims via letter motion on January 20, 2023. (ECF Nos. 34.) Defendants have responded in opposition (ECF No. 39) and Plaintiffs have filed a reply (ECF No. 40.)

**II.     Legal Standard**

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Starkey v. G Adventures, Inc.*, 796 F.3d 193, 196 (2d Cir. 2015) (citing *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60 (2013)).  The Second Circuit employs a four-part analysis to determine whether a district court may properly dismiss a claim based on a forum selection clause, asking:

> (1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive, i.e., whether the parties are required to bring any . . . dispute to the designated forum or simply permitted to do so; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause . . . If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable . . . . A party can overcome this presumption only by (4) making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

*Starkey*, 796 F.3d at 197 (quoting *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014)).  Where the fourth prong of the test is in dispute, courts will decline to enforce the forum selection clause only if:

> (1) its incorporation was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum in which suit is brought; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court.

*Starkey*, 796 F.3d at 198.

**III.    Discussion**

Here, the first, second, and third prongs of the *Martinez* analysis are not in dispute.  The forum selection clause in each Plaintiff's bylaws states:

> Unless the [Company] consents in writing to the selection of an alternative forum, the Circuit Court for Baltimore City, Maryland, or, if that Court does not have jurisdiction, the United States District Court for the District of Maryland, Northern Division, shall be the sole and exclusive forum for (a) any derivative

3

>action or proceeding brought on behalf of the [Company], other than actions arising under federal securities laws, and (b) any Internal Corporate Claim, including any claim arising pursuant to the by-laws.

(ECF No. 34 at 2.)  The Blackwells Defendants do not contest that they received notice of the bylaws, nor that the clause is mandatory and that it encompasses the parties and claims in the Maryland action, which arise from conflicting interpretations of the corporate bylaws. Instead, they argue that: (1) Plaintiffs waived the forum selection clause by filing suit in this District after Defendants earlier filed suit in Maryland and (2) enforcing the clause under these circumstances would be unreasonable and unjust under the *Martinez* test.  Neither argument is persuasive.

Both Plaintiffs and Defendants have favorably cited the principle that "a forum selection clause will be deemed waived if the party invoking it has taken actions inconsistent with it, or delayed its enforcement, and other parties would be prejudiced." *Kasper Glob. Collection & Brokers, Inc. v. Glob. Cabinets & Furniture Mfrs. Inc.*, 952 F. Supp. 2d 542, 567 (S.D.N.Y. 2013) (citations omitted).  There is no basis for concluding that Plaintiffs waived the forum selection clauses.  Plaintiffs never "affirmatively represented to the Court that this was the appropriate forum to resolve the parties' disputes" about the bylaw and board nomination claims. *See id.*  To the contrary, Plaintiffs immediately contested that this Court was the appropriate one to hear the counterclaims.  Nor is there any inconsistency to be found in Plaintiffs' decision to file their securities claims in this Court after Blackwells filed their corporate governance claims in Maryland: each forum selection clause specifically carves out "actions arising from the federal securities laws" from the jurisdiction of the Maryland courts.  Blackwells has therefore made no showing that Plaintiffs have "demonstrate[ed] a clear intent to relinquish [their] rights to enforce the forum-selection clause." *Kasper*, 952 F. Supp. 2d 542.

Relatedly, Blackwells emphasizes that there is some factual overlap between their counterclaims and Plaintiffs' claims, and that "by initiating a case involving the same issues in a forum that is otherwise barred by the forum-selection clauses, [Plaintiff] acted inconsistently" with the clauses.  (ECF No. 39 at 2-3.)  To the contrary: the terms of the forum selection clauses are clear, and the Blackwells Defendants were on notice that claims arising under the federal securities laws were carved out from the Maryland courts *regardless* of factual overlap.  While it could be the case that Plaintiffs "intentionally spawned duplicative litigation to burden a shareholder" after Blackwells filed suit in Maryland first, the terms of the forum selection clauses permit them to do so.

Second, Blackwells argues that it would be unreasonable and unjust to enforce the forum selection clauses because doing so would force stockholders in Global Net Lease and The Necessity Retail REIT to litigate their rights in multiple forums.  (ECF No. 39 at 5.)  Because there are no allegations that the forum selection clause was incorporated by fraud or overreach, or that Maryland law is fundamentally unfair, enforcement would be unreasonable or unjust only if (1) enforcement contravenes a strong public policy present in federal cases or statutes or (2) trial here would be so "difficult and inconvenient" that Blackwells would be effectively deprived of its day in court.  *Starkey*, 796 F.3d at 198; *Martinez*, 740 F.3d at 228.

Neither is true here.  While efficiency and the avoidance of duplicative litigation are important principles in the federal courts, the threshold to overcome a valid and binding forum-selection clause is a high one.  *See La Fondiaria Assicurazione, S.P.A. v. Ocean World Lines, Inc. in personam*, No. 02 CIV.40 JSM, 2002 WL 31812679, at *2 (S.D.N.Y. Dec. 12, 2002) ("Admittedly, it might be more efficient to dispose of the entire case in one court, but that is not the standard for overcoming a forum selection clause."); *Street, Sound Around Electronics v.*

*M/V Royal Container*, 30 F.Supp.2d 661, 663 (S.D.N.Y. 1999) ("The possibility of multiple parallel proceedings was a contingency entirely foreseeable to plaintiff when it agreed to the forum selection clause."). Blackwells contends that it would effectively be deprived of its day in court based on comments from the presiding judge in the Maryland action, who stated that he was scheduling trials no sooner than six months out, and based on the fact that Plaintiffs' annual meetings are impending.[2] (ECF No. 57 at 4.) The full context of the judge's comments indicate that that court is prepared to address the pending motion to dismiss in that case, which is fully briefed, without undue delay. (*See* ECF No. 58-3 at 19:20 ("So it seems to me that we will handle the Motion to Dismiss, and then we'll have to reconvene a scheduling conference and figure out exactly what to do after that.").) That judge also urged the parties to resolve any obstacles preventing the swift exchange of discovery. (*See id.* at 10:5-11.) While the Court acknowledges that it cannot predict the speed of the Maryland court's adjudicatory process, Blackwells has not demonstrated that it will be deprived of its day in court.

Because none of the *Martinez* factors is met, the Court must enforce the forum selection clause as to Blackwells' counterclaims.

**IV.   Conclusion**

For the foregoing reasons, Plaintiffs' letter motion to dismiss the Blackwell Defendants' state law counterclaims is GRANTED. Those counterclaims are hereby DISMISSED.

The Court interprets the letter motion at ECF No. 57 as moot in light of this order. If that is not the case, Defendants shall file a letter motion stating their outstanding requests for relief within five days of the entry of this order.

---

[2] The parties have not informed the Court that either Plaintiff's 2023 annual meeting has been scheduled, but counsel for Plaintiffs has represented that they are likely to occur in May 2023. (*See* ECF No. 35 at 5:9-10.)

The Clerk of Court is directed to close the motion at ECF Number 57.

SO ORDERED.

Dated: March 16, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge