UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GLOBAL NET LEASE, INC. and THE
NECESSITY RETAIL REIT, INC.,
                              Plaintiffs,

            -v-

BLACKWELLS CAPITAL LLC, *et al.*,
                              Defendants.

---

22-CV-10702 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Pending before the Court is Plaintiffs' letter dated May 5, 2023, which seeks to unseal all of the unredacted versions of all parties' filings in relation to Plaintiffs' motion for a preliminary injunction. (ECF No. 119.) The Blackwells Defendants withhold their consent only with regard to six documents, each of which is an exhibit to the Declaration of Nicholas P. Crowell filed at ECF No. 66. (ECF No. 120.) The filings are marked as Exhibits 3, 9, 10, 12, 18, and 19. (ECF Nos. 66-2; 66-6; 66-7; 66-9; 66-14; and 66-15.)

The common law right of public access requires a three-step analysis. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). First, the document in question must be a "judicial document," that is, "relevant to the performance of the judicial function and useful in the judicial process." *Id.* While the "mere filing of a paper or document with the court" does not make it a judicial document, *id.*, a document is relevant to the judicial function "if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (emphasis original). Second, if the document is a judicial document, a "common law presumption of access attaches," at which point the court must "determine the

1

weight of that presumption." *Lugosch*, 435 F.3d at 119.  Third, the court must balance the assigned weight of the common law presumption against any "countervailing factors," including the privacy interests of the entity resisting disclosure.  *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

The six exhibits in question are judicial documents.  Though the Court did not specifically rely on them in reaching its decision on Plaintiffs' motion for a preliminary injunction, they nonetheless had a tendency to influence the Court's decision, given that they were part of the Defendants' briefing in opposition to the motion.

The presumption carries medium weight here.  A preliminary injunction is a non-dispositive motion subject to a "substantial" presumption of public access, greater than the presumption for documents not filed with the court at all, such as discovery materials, but less than the presumption for documents submitted in connection with trial or summary judgment. *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-CV-9439, 2020 WL 3264264, at *1 (S.D.N.Y. June 17, 2020) (citing *Amodeo*, 71 F.3d at 1049-53).

This presumption of access must be balanced against the Blackwells Defendants' countervailing privacy interests.  In conducting this balancing analysis, courts must weigh both "the degree to which the subject matter is traditionally considered private rather than public, as well as [t]he nature and degree of the injury to which the party resisting disclosure would be subjected were the privacy interest not protected." *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (quoting *Amodeo*, 71 F.3d at 1050) (internal quotations omitted).

The Blackwells Defendants argue that each of the six exhibit contains "specific business information and strategies" that would supply their competitors with valuable insight into Blackwells' investment plans.  Exhibit 3 contains a redacted "top 5" list of potential targets for

future activist campaigns, along with additional commentary; Exhibit 9 contains the Blackwells background analysis that yielded the "top 5" list; Exhibit 10 references a confidential business partner "whose participation did not come to fruition and is not at issue in this litigation"; and Exhibits 12, 18, and 19 contain a "pipeline overview" of Blackwells' potential future investments in a variety of other companies.  The six exhibits contain confidential business information that implicates legitimate and significant privacy and business interests.  Here, the Court concludes that those interests outweigh the presumption of public access, particularly in light of the fact that the documents implicate ongoing and future business decisions.  This conclusion is bolstered by the fact that the sealing sought here pertains largely to material with little bearing on the present dispute; the vast majority of the materials that Defendants filed in connection with the preliminary injunction briefing will be unsealed and unredacted.  *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (quoting *Encycl. Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F.Supp.2d 606, 614 (S.D.N.Y.1998) ("Plaintiffs' proposed redactions are generally limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'"); *cf. Amodeo*, 71 F.3d at 1051 ("Financial records of a wholly owned business . . . and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.").

In addition to the common law right of access, the public and the press hold a "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents." *Lugosch*, 435 F.3d at 120 (citation omitted).  To determine whether there is a First Amendment right of access, courts in the Second Circuit employ the "experience and logic" test or else consider the extent to which the judicial document is "derived from or [is] a necessary corollary

of the capacity to attend the relevant proceedings." *Id.*  Nonetheless, a document may be sealed if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (citation omitted).  Here, a step-by-step application of either test is unnecessary because, even assuming *arguendo* that the First Amendment right of access applies, continued sealing of the six exhibit serves the higher value of confidentiality for the reasons explained above.  Additionally, sealing here is narrowly tailored given the small number of filings that will remain under seal, and the Blackwell Defendants' demonstration of the risk that unsealing these particular exhibits presents for their business strategy.  Plaintiffs counter that because most of the exhibits contains redactions to the names of companies that Blackwells may target as part of its activist investor strategy, wholesale sealing is improper.  On this point, the Blackwells Defendants assert that their competitors may nonetheless be able to deduce the names of those target companies using contextual information from each filing.  The Court concludes that given the amount of contextual information available in each exhibit, *see, e.g.*, ECF No. 66-15 at 8, the Blackwells' Defendants concerns are warranted and sealing of each exhibit in its entirety is appropriate.

The Clerk of Court is therefore directed to unseal each document filed in connection with Plaintiffs' motion for a preliminary injunction (*see* ECF Nos. 64, 65, 66, 74, 75, 76, 77, 83, and 85) **with the exception of** ECF Nos. 66-2; 66-6; 66-7; 66-9; 66-14; 66-15 (labeled as Exhibits 3, 9, 10, 12, 18, and 19), which are to remain under seal.

Per the Court's oral order, all documents introduced at the April 20, 2023 preliminary injunction hearing are unsealed.

      SO ORDERED.

Dated: May 25, 2023
      New York, New York

_____
J. PAUL OETKEN
United States District Judge